374 So.2d 282 (1979)
Frank BRITNELL et al.
v.
ALABAMA STATE BOARD OF EDUCATION et al.
77-780.
Supreme Court of Alabama.
August 24, 1979.
Donald V. Watkins, of Gray, Seay & Langford, Montgomery, for appellants.
Charles S. Coody, Montgomery, for Alabama State Bd. of Ed. and the State Supt. of Education, appellees.
*283 ALMON, Justice.
This appeal is from a judgment of the Montgomery County Circuit Court dismissing the plaintiffs' complaint. We affirm in part and reverse in part.
The plaintiffs, Frank Britnell, Mary E. Martin, Mary Alice Garrison, Mary Nell Garrison and Vardell S. Deason, alleged that, at all times material to this action, they were either performing janitorial/housekeeping or lunchroom duties in various public school systems. They further alleged that they were taxpayers of the State of Alabama.
The plaintiffs, pursuant to Rule 23, ARCP, sought certification as the representatives of (a) a class composed of janitorial and custodial personnel and lunchroom personnel (hereinafter support personnel); and (b) taxpayers of the State of Alabama. The plaintiffs, in addition to seeking the status of representatives in a class action, also presented two substantive claims.
The first of these claims concerned certain appropriations made by the Alabama Legislature in Act 637, 1977 Alabama Acts, p. 1020 (Regular Session). The pertinent portions of this legislation are as follows:
(ii) In addition to local salary now received and all local increments due for the 1977-78 school year, all full-time employees of city and county boards of education and all full-time employees in the schools under their jurisdiction with the exception of those persons listed on the official Teachers' Institute List shall receive a salary increase of not less than five hundred dollars ($500) per annum. All adult school bus drivers shall receive a salary increase of not less than five hundred dollars ($500) per annum and all student school bus drivers shall receive a salary increase of not less than three hundred dollars ($300) per annum and any county or city board of education failing to comply herewith shall not be entitled to share in the Minimum Program Fund.
* * * * * *
(kk) Of the amount appropriated in Section 3, A, 16, (aa) to the State Board of Education for distribution of local boards the sum of three million eight hundred seventy-three thousand five hundred dollars ($3,873,500), is allocated for disbursement to local boards of education to provide and [sic] increase of five hundred dollars ($500) to each lunchroom worker in the public schools of the state. This salary increase shall be paid to all lunchroom personnel in addition to the local salary now received and any local salary increments due for the 1977-78 school year.
Act 637 at p. 1040.
The plaintiffs alleged that the Alabama State Board of Education and its individual members failed and refused to distribute certain funds to the local boards of education and that the Alabama State Board of Education and its individual members failed to exercise the control and supervision required by Code 1975, § 16-3-11 to insure that the plaintiffs received their $500 salary increase. The plaintiffs further alleged that the defendant, Dr. Wayne Teague, superintendent of the Alabama State Board of Education, failed to discharge his duties under Code 1975, § 16-4-5 by either withholding or authorizing the withholding of the $500 salary increases. The plaintiffs sought a declaratory judgment that they were entitled to the salary increase and a mandatory injunction directing the payment thereof to the plaintiffs and the class they sought to represent.
The second claim presented by the plaintiffs is that the State Board of Education acted in an unconstitutional manner. Specifically, the plaintiffs alleged that the Alabama State Board of Education, by a resolution dated August 29, 1977, authorized a $4,000 increase in compensation for Dr. Wayne Teague, Superintendent of the State Board of Education, and that this authorization was violative of the Alabama Constitution of 1901, §§ 118 and 281 and Amendment 92. The plaintiffs sought a permanent injunction suspending the payment of Teague's increase and an order *284 directing Teague to repay any portion of the salary increase he had already received.
The defendants filed a motion to dismiss the complaint, citing as grounds therefor:
1) failure to state a claim upon which relief can be granted;
2) failure to state a valid class action claim because: there was no averment that the representative parties would fairly and adequately protect the interests of the purported class and the plaintiffs did not allege that a class action was superior to other available means for the fair and efficient adjudication of the controversy;
3) failure to join the local boards of education as indispensable parties;
4) failure to exhaust existing and available administrative remedies; and
5) lack of standing to assert the alleged wrongful payment of Dr. Wayne Teague's salary increase.
Thereafter, the defendants filed an amended motion to dismiss the complaint alleging that there was a failure to prosecute the action in the name of the real party in interest, the Alabama Education Association, Inc. On April 4, 1978, the Montgomery County Circuit Court held a hearing and counsel for the parties argued their respective positions on both the class action determination and the defendant's motion to dismiss the complaint.
On April 14, 1978, the Circuit Court entered an order dismissing the class action aspects of this suit. On August 31, 1978, the defendants filed a petition in the Circuit Court seeking the Court's ruling on the previously filed motion to dismiss. The Circuit Court granted the defendants' motion to dismiss on that same day without specifying the grounds therefor. The plaintiffs have appealed the trial court's granting the motion to dismiss and they contend that their complaint averred two viable causes of action.

I
Although the trial court did not specify the grounds upon which it relied in granting the appellees' motion to dismiss, we believe that this ruling was incorrect with respect to the appellants' claims for their salary increase. The appellants made three basic allegations in this regard.
1. The State Board of Education either failed or refused to distribute the salary increase.
2. Dr. Teague, the Superintendent of the State Board of Education either withheld or authorized the withholding of these salary increases.
3. The State Board, in the exercise of its power of general control and supervision, Code 1975, § 16-3-11, failed to insure that the salary increase was distributed.
A transcript of the hearing conducted on April 4, 1978, is included in the record and there is no indication that the trial court excluded evidence adduced at this hearing in making the decision on the motion to dismiss the complaint. Under these circumstances, Rule 12(b), ARCP, operates to convert the Rule 12(b)(6) motion to dismiss into a motion for summary judgment, rule 56, ARCP, regardless of nomenclature. We will treat it accordingly. Papastefan v. B & L Construction Co., 356 So.2d 158 (Ala. 1978).
A reference to the transcript of the hearing reveals that Dr. Arthur W. Dennis testified on behalf of the appellees. His testimony was brief and unequivocal. According to Dr. Dennis, who is the Director of the Division of Administration and Finance of the State Department of Education, the local boards of education were responsible for hiring and paying the support personnel. The State Department of Education did not have any control over the terms of employment of the support personnel. Dr. Dennis also testified that the State Board of Education was required to disburse and allocate money to the local boards but the paying, hiring and firing of the employees was not the responsibility of the State Board. See Code 1975, §§ 16-9-23, -32 and -33. His testimony indicated that the State Board was in the process of disbursing appropriated funds without withholding any funds.
*285 Rule 56, ARCP, permits the trial court to grant a motion for summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.
We are not persuaded that the moving party has carried its burden. As stated earlier, we are not sure what the trial judge considered when he dismissed the action. Even though Dr. Dennis testified that the State Board has disbursed the State funds to the local boards of education, his testimony did not negate the inference that through some administrative decision of the State Board or of the State Superintendent, the appellants were prevented from receiving the pay raises authorized by the legislature. We are of the opinion that more facts are necessary before a proper judgment may be rendered in this case.
While the trial court might have determined that the appellants' claim (that the State Board had breached its duties of general control and supervision, Code 1975, § 16-3-11) could not be decided without the joinder of the involved local boards of education, i. e., that the local boards were indispensable parties, that determination is not reflected in the record before this Court.
Rule 12(b)(7) read in conjunction with Rule 19(b), ARCP, contemplates the dismissal of a complaint for failure to join a party under Rule 19, but this Court has previously observed that dismissal is a severe penalty. Hodges v. General Shale Products Corp., 346 So.2d 416 (Ala.1977). We are reluctant to sanction the dismissal of a claim under 12(b)(7), ARCP, where the record is bereft of any indication that the necessary finding set out in Rule 19 has been made. As stated in 7 Wright & Miller, Federal Practice and Procedure: Civil § 1609, Rule 19 envisions that:
[O]n a motion under Rule 12(b)(7), the court initially will determine if the absentee should be joined as a party in accordance with the criteria set forth in Rule 19(a). If it decides in the affirmative, the court will order him brought into the action. When the absentee cannot be joined, the court must then determine, by analyzing the factors described in Rule 19(b) whether to proceed without him or to dismiss the action. [Footnotes omitted.]
On remand, the trial court should make the appropriate determinations and proceed in a manner consistent with its decisions in that regard.

II
We believe that the trial court correctly granted the appellees' motion to dismiss with respect to the alleged wrongful payment of Dr. Wayne Teague's salary increase.
The appellants alleged that the State Board of Education violated § 118 and § 281 of the Alabama Constitution of 1901 and Amendment 92 of the Alabama Constitution by increasing Dr. Teague's salary during his term in office.
The appellees have attacked the appellants' standing to contest the constitutional propriety of this alleged salary increase by asserting that under Code 1975, § 36-15-21, only the Attorney General can litigate the interests of the State and its various departments. This argument was implicitly, if not expressly rejected in Zeigler v. Baker, 344 So.2d 761 (Ala.1977). In that case, we held that a plaintiff suing in his capacity as a citizen and taxpayer has standing to attack the constitutionality of expenditures.
With respect to the merits of the appellants' constitutional claims, the appellees have correctly pointed out that Amendment 284 (1969) expressly repealed § 118 of the Alabama Constitution of 1901 to the extent that it conflicted with the provisions of Amendment 284. Thus, the appellants' arguments concerning the effect of the purported salary increase as against § 118 are groundless.
Thus, the two constitutional provisions with which we are here concerned are § 281 and Amendment 92 of the Alabama Constitution of 1901. Section 281 provides:
The salary, fees, or compensation of any officer holding any civil office of *286 profit under this state or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or appointed.
Amendment 92 provides:
Any provision of this Constitution or amendments thereto to the contrary notwithstanding, neither the legislature, nor any county of the state shall, by the imposition of new, different, and additional duties or otherwise, increase, or authorize the increase of, the salary, fees or other compensation of any officer of the state, or of any county of the state, who is elected or appointed for a fixed term, during the term for which he is elected or appointed, regardless of whether such officer may be removed at the pleasure of the authority electing or appointing him or only upon impeachment; nor shall the legislature or any county of the state in any manner or by any means decrease, or authorize the decrease of, the salary, fees or other compensation of any such officer, during the term for which he is elected or appointed; nor shall the legislature or any county of the state increase or decrease, or authorize the increase or decrease of, the salary, fees or other compensation of any person filling an unexpired term in any such office during the remainder of such term, either before or after the appointment or election of such person to fill the unexpired term. As to officers who are members of any court, board, commission, or similar body whose terms do not run concurrently, any increase or decrease in the salary, fees or other compensation of, the members of any such court, board, commission, or similar body shall become effective as to all such members thereof immediately after the expiration of the term or terms of office of the member or members whose term or terms first expire.
Both of these provisions require that an officer, whether elected or appointed, shall not receive an increase in compensation during his term of office. The issue here is whether the Superintendent of Education is an officer subject to the restrictions of § 281 and Amendment 92.
In State v. Sanders, 187 Ala. 79, 65 So. 378 (1914), this Court held that the executive officer of the State Board of Health was not an officer within the meaning of § 281 of the Alabama Constitution of 1901. There it was said:
The mere fact that these appointees are called officers rather than employees, or that the statute says they shall be elected rather than appointed or hired, does not make such persons so appointed or elected officers, within the meaning of section 281 of the Constitution. It is true that they may be officers, but they are officers of the board or commission which appoints or elects them, and not of the public, the state, the county, the municipality, within section 281.
187 Ala. at 83, 65 So. at 379.
In a similar fashion, the State Superintendent of Education is an officer of the Board of Education which appointed him and not of the State and does not fall within the operation of § 281. All authority is vested in the Board of Education and not in the superintendent. Any authority the superintendent has is given to him by the Board of Education. Thus, the superintendent is controlled by and is an officer of the Board of Education, and is not an officer as contemplated by § 281. Section 16-3-2, Code 1975, provides that the "state superintendent of education shall be the secretary and executive officer of the board." [Emphasis supplied.] See also, State v. Baumhauer, 244 Ala. 1, 12 So.2d 326 (1942).
Amendment 284 to the Alabama Constitution of 1901 provides for the powers and duties of the State Superintendent of Education.
SELECTION, QUALIFICATIONS, POWERS, DUTIES AND TENURE OF STATE BOARD OF EDUCATION AND SUPERINTENDENT OF EDUCATION.
1. General supervision of the public schools in Alabama shall be vested in a state board of education, which shall be elected in such manner as the legislature may provide.

*287 2. The chief state school officer shall be the state superintendent of education, who shall be appointed by the state board of education and serve at its pleasure. The authority and duties of the superintendent of education shall be determined by the state board of education according to such regulations as the legislature may prescribe. The superintendent of education shall receive an annual salary which shall be fixed by the legislature of Alabama and shall be paid from the state treasury in installments as the salaries of other state officers are paid.[1]
3. The legislature shall enact appropriate laws to implement or enforce this article of amendment.
4. The provisions of article V and XIV of the Constitution of Alabama as amended in conflict with this article are expressly repealed. However, this amendment shall not be so construed as to effect [sic] the election or term of the state superintendent of education chosen before it becomes valid as a part of the Constitution.
Thus, the effect of this amendment was to exclude the office of Superintendent from the Executive Department of the state government and expressly vest the State Board of Education with the power to enumerate the duties of the Superintendent.
That being so, we conclude that the State Superintendent of Education is not an officer within § 281 so as to proscribe the salary increase alleged in this case.
Moreover, the appellants have alleged that the State Board of Education authorized Dr. Teague's salary increase. This allegation falls without the prohibition embodied in Amendment 92 of the Alabama Constitution of 1901. That amendment clearly provides that neither the legislature nor any county shall increase or decrease the salary of any officer of the state or county of the state. The amendment does not prevent an employing state agency from changing the salary, fees or compensation of its employees.
Therefore, the trial court correctly dismissed that portion of the appellants' complaint challenging the constitutionality of the alleged salary increase.
For the reasons stated, the judgment of the trial court is affirmed in part, reversed in part and remanded.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.
NOTES
[1] See Code 1975, § 16-4-1, for delegation of that power to the State Board of Education.